Gregory Noschese
Texas Bar No. 00797164
Jonathan L. Howell
Texas Bar No. 24053668
MUNSCH HARDT KOPF & HARR, P.C.
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR
FIRST STATE BANK, MESQUITE**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 09-38264 |
| LIF ESMAEL MODABBERI, | § | |
| | § | (Chapter 13) |
| Debtor. | § | |
| | § | |
| DALLAS UNLIMITED REAL ESTATE SOLUTIONS, INC., PROMPT PROFESSIONAL REAL ESTATE SERVICES, INC. and LIF MODABBERI, | § | |
| Plaintiffs, | § | |
| v. | § | Adv. Proc. No. 09-03456-HDH |
| FIRST STATE BANK, MESQUITE, | § | |
| Defendant. | § | |

## DEFENDANT FIRST STATE BANK, MESQUITE'S ORIGINAL COUNTER CLAIM

Defendant First State Bank, Mesquite ("FSB") files this its *Original Counterclaim* in the above-captioned adversary proceeding (the "Adversary Proceeding") against Lif Modabberi, debtor in the above-captioned bankruptcy case (the "Bankruptcy Case"), Dallas Unlimited Real Estate Solutions, Inc. ("Dallas Unlimited"), and Prompt Professional Real Estate Services, Inc.

(collectively, "Plaintiffs" and, together with FSB, the "Parties"), plaintiffs in the Adversary Proceeding, and in support thereof respectfully states as follows:

## I. JURISDICTION AND VENUE

1. Jurisdiction and venue are determined by that of the main claims in this Adversary Proceeding under the Federal Rules of Civil Procedure. Therefore, further pleading of jurisdiction or venue is not required at this time.

## II. FACTS

2. FSB extended loans to Defendants in various amounts and through various instruments (the "Notes"), as evidenced by the attached Exhibit "A", which is incorporated herein by reference for all intents and purposes. All of the Notes were secured by real property (the "Collateral") and timely filed deeds of trust in favor of FSB.

3. On April 30, 2008, Dallas Unlimited filed suit against FSB, Shelly Ortolani, and Holly Carter, alleging that a property sold to Dallas Unlimited by FSB was contaminated (the "First Lawsuit"). FSB denied the claims in the First Lawsuit, asserted a counterclaim and third-party claims against the Plaintiffs, and eventually sought to foreclose on all of the Collateral securing the Notes (except the property commonly described as 10516 C.F. Hawn Freeway, Dallas, TX 75217).

4. Ultimately, the Parties decided to end the First Lawsuit by entering into that certain Settlement Agreement and First Amendment to Settlement Agreement (collectively, the "Settlement Agreement") on or about February 24, 2009. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit "B". Among other things, the Settlement Agreement provided that Parties would dismiss their respective claims in the First Lawsuit, and

the Plaintiffs would pay FSB $550,000.00 on or before 5:00 p.m. on August 19, 2009. In addition, the Settlement Agreement included an arbitration clause (the "Arbitration Clause"), which provided:

> 14. **Miscellaneous Provisions.**
>
> **A. Construction.** This Settlement Agreement Shall be construed and interpreted in accordance with the laws of the State of Texas, without reference to its conflict of law provisions, and any dispute arising hereunder or by and between the parties from the date this agreement is executed shall be arbitrated pursuant to the Texas Arbitration Act and/or Federal Arbitration Act before a single arbitrator appointed under the rules of the American Arbitration Association or by agreement of the Parties unless the parties otherwise agree. The arbitration agreement provided herein shall survive any termination, satisfaction or merger of this Agreement.

*See* Exhibit C, Settlement Agreement p. 6, § 14(A).

5.  Rather than pay FSB the full $550,000.00 owed or pursue arbitration in accordance with the terms of the Settlement Agreement, Plaintiffs filed this Adversary Proceeding against FSB, ironically alleging, *inter alia*, that FSB breached the Settlement Agreement. FSB, however, did not materially breach a term of the Settlement Agreement. And, even if FSB had materially breached a term of the Settlement Agreement, which it did not, arbitration is the proper remedy for resolving the underlying dispute between the Parties.

6.  Upon information and belief, Plaintiffs commenced this Adversary Proceeding because Plaintiffs could not, or did not want to, pay FSB the full $500,000.00 owed to it under the terms of the Settlement Agreement.

### III. CAUSE OF ACTION - BREACH OF CONTRACT

7. By failing to pay FSB the full $500,000.00 owed to it, Plaintiffs materially breached the Settlement Agreement. Alternatively, Plaintiffs breached the Settlement Agreement by filing this Adversary Proceeding instead of pursuing arbitration in accordance with the Settlement Agreement's Arbitration Clause. By pursuing the Adversary Proceeding instead of fulfilling the terms of the Settlement Agreement, FSB suffered monetary damages by not receiving the full $500,000.00 owed to it.

### IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, FSB prays that upon service of this pleading herein, Plaintiffs be required to file an answer asserting any and all affirmative defenses thereto, and that upon trial or hearing of this Original Counterclaim, FSB have and recover its monetary damages, as well as attorney's fees as allowed by law.

Dated: April 22, 2010.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ *Jonathan L. Howell*
    Gregory C. Noschese
    Texas Bar No. 00797164
    Jonathan L. Howell
    Texas Bar No. 24053668
    3800 Lincoln Plaza
    500 N. Akard Street
    Dallas, Texas 75201-6659
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584
    E-mail: gnoschese@munsch.com
            jhowell@munsch.com

**ATTORNEYS FOR FIRST STATE BANK, MESQUITE**

**CERTIFICATE OF SERVICE**

The undersigned counsel on this, the 22nd of April 2010, hereby certifies that he served a true and correct copy of this Original Counterclaim, together with its exhibits, on all parties receiving notice via the Court's ECF system and by electronic mail on the following party:

Michael D. Payma
Payma, Kuhnel & Smith
4230 LBJ Freeway, Suite 121
Dallas, TX 75244
(214) 999-0000
Fax: (214) 999-1111
Email: michael@pksattorneys.com

By: /s/ *Jonathan L. Howell*
    Jonathan L. Howell